IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Matthew S. B.,

          Plaintiff,

    v.

Kilolo Kijakazi, Acting Commissioner of
Social Security,

          Defendant.

Case No. 2:21-cv-2403

## Opinion and Order

Plaintiff Matthew S.B. brings this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security denying his applications for a period of disability insurance benefits and supplemental security income. This matter is before the Court for consideration of the plaintiff's objections to the Magistrate Judge's Report and Recommendation in which she recommended that the Court affirm the Commissioner's decision.

For the reasons stated below, the Court overrules plaintiff's objections and adopts the Magistrate Judge's Report and Recommendation.

**I.    Background**

Plaintiff protectively filed his applications for disability insurance benefits and supplemental security income in February 2019. He alleged that he had been disabled since January 24, 2017 due to human immunodeficiency virus/acquired immune deficiency syndrome (HIV/AIDS), avascular necrosis of bone of both hips, suicidal ideations, cellulitis, methicillin-resistant staphylococcus aureus, acute hepatitis B, and pneumocystosis.

The Administrative Law Judge (ALJ) issued a partially favorable decision, finding that plaintiff was under a disability from January 24, 2017 through June 30, 2019, but was not disabled within the meaning of the Social Security Act beginning July 1, 2019.

The ALJ found that from January 24, 2017 through June 30, 2019, plaintiff had the following severe impairments: HIV/AIDS, hepatitis B, and adjustment disorder with depressed mood. The ALJ further found that during this period, the severity of plaintiff's HIV/AIDS met the criteria of section 14.11 of 20 CFR Part 404, Subpart P, Appendix 1.

The ALJ found that beginning on July 1, 2019, plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ concluded that plaintiff's period of disability ended on July 1, 2019, because of medical improvement. The medical improvement which occurred was related to the ability to work because plaintiff no longer had an impairment or combination of impairments that met or medically equaled the severity of a listed impairment.

The ALJ determined plaintiff's residual functional capacity (RFC) as follows:

> [B]eginning July 1, 2019, [Plaintiff] has had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: [Plaintiff] can stand and/or walk no more than 4 hours of an 8 hour workday; can occasionally climb ramps and stairs; occasionally climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl. [Plaintiff] can perform simple, routine tasks; occasionally interact with coworkers but no tandem or shared tasks; can have occasional interaction with supervisors but no over the shoulder supervision; can have occasional interaction with the public but not in a customer service capacity; and can adapt to changes easily explained in advance.

R. at 25.

Although the ALJ found that plaintiff has been unable since July 1, 2019 to perform his past relevant work as a fast-food worker and fast-food manager but that he could perform other jobs which exist in significant numbers in the national economy.

## II. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); 42 U.S.C. § 405(g). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the

courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). However, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### III. Plaintiff's Objection

Plaintiff's objection is limited to his first statement of error: that the ALJ erred in analyzing the impairment of bilateral hip avascular necrosis. Plaintiff asserts that the ALJ's determination of his RFC is not supported by substantial evidence as it relates to the hip impairment. Specifically, plaintiff argues that the Magistrate Judge was incorrect in finding that "the ALJ adequately acknowledged and discussed Plaintiff's hip impairment, **both before and after surgical intervention**, and the ALJ analyzed the effect those symptoms had on how she devised Plaintiff's RFC, supporting her decision with substantial evidence from the record." Doc. 20 at PAGEID 955 (emphasis added).

Plaintiff contends that the ALJ did not rely on any substantial evidence from before his hip surgeries, which occurred on December 5, 2019 and February 19, 2020.. Plaintiff further contends that the Magistrate Judge likewise failed to point to any substantial evidence from before his surgeries.

The Court finds that plaintiff's objection has no merit. The ALJ thoroughly noted and discussed the medical evidence of plaintiff's hip impairment before surgery. For instance, the ALJ reviewed the April 22, 2019 evaluation conducted by Travis Frantz, M.D. and detailed the nature of plaintiff's pre-surgery impairment and the resulting limitations on plaintiff's ability to walk, stand and bear weight. R. at 26. The ALJ specifically noted the medical evidence supporting a finding that that before surgery plaintiff was able to walk 1-2 blocks, stand for 30 minutes at a time, and carry 30 pounds frequently. *Id.*; *see also id.* at 30 (noting that "claimant reported intermittent use of an assistive device . . . prior to his hip surgical interventions."). Tellingly, plaintiff fails to cite to any medical record or report which the ALJ failed to discuss and consider.

3

The Magistrate Judge similarly, and expressly, reviewed the substantial evidence as it related to the period before the hip surgeries. *See* Doc. 20 at PAGEID 955 (discussing the ALJ's review of the evidence regarding plaintiff's hip impairment prior to surgical intervention).

Plaintiff further objects that the Magistrate Judge failed to address certain arguments he had made about the RFC determination. For instance, he had argued that the ALJ put too much weight on the evidence that plaintiff only needed to use an assistive walking device intermittently. Plaintiff had also argued that the ALJ mistakenly found that his hip symptoms were "transient and mild" and had been "well controlled with treatment."

This objection too lacks merit. The Magistrate Judge discussed plaintiff's arguments and correctly concluded that they "amount[ed] to nothing more than a disagreement, albeit a multi-faceted one, with the ALJ's factual findings." Doc. 20 at PAGEID 953. As the Magistrate Judge stated, "That is not the lens through which the Court reviews the ALJ's decision for substantial evidence." *Id.* at PAGEID 953–54. "Review for substantial evidence is not driven by whether the Court agrees or disagrees with the ALJ's factual findings or by whether the administrative record contains evidence contrary to those factual findings." *Douglas v. Comm'r of Soc. Sec.*, 832 F. Supp. 2d 813, 823 (S.D. Ohio 2011); *see also Blakley*, 581 F.3d at 406.

Upon *de novo* review, the Court finds that the ALJ's decision partially denying benefits is supported by substantial evidence.

### IV. Conclusion

For the reasons stated above, the Court overrules plaintiff's objections (doc. 21) and adopts and affirms the Magistrate Judge's Report and Recommendation (doc. 20). The decision of the Commissioner is affirmed, and the Clerk of Court is directed to enter final judgment in this matter.

Date: September 29, 2022             s/ James L. Graham
                                                                             James L. Graham
                                                                            United States District Judge